IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § § § | No. PE:23-CR-00039-DC-1 |
| GRACE HOPE YORK | § | |

### REPORT AND RECOMMENDATION OF THE U.S. MAGISTRATE JUDGE

TO THE HONORABLE DAVID COUNTS, U.S. DISTRICT JUDGE:

BEFORE THE COURT is Defendant Grace Hope York's ("Defendant") Motion to Withdraw Plea of Guilty (hereafter, "Motion to Withdraw"). (Doc. 31). This matter is before the undersigned United States Magistrate Judge through a standing order of referral pursuant to 28 U.S.C. § 636 and Appendix C of the Local Court Rules for the Assignment of Duties to United States Magistrate Judges. After due consideration, the undersigned **RECOMMENDS** that Defendant's Motion to Withdraw be **DENIED**. (Doc. 31).

### I.   BACKGROUND

Defendant was indicted on February 9, 2023, on one count of alien smuggling and one count of conspiracy to commit alien smuggling.[1] On March 29, 2023, Defendant pleaded guilty to alien smuggling pursuant to a plea agreement and an agreed-upon factual basis.[2] Findings of fact and a recommendation that the District Court accept Defendant's guilty plea were adopted without objection on April 18, 2023.[3] Sentencing for Defendant was then scheduled for June 27, 2023.[4] Defendant filed her Motion to Withdraw over a month later on May 27, 2023.[5] The Government filed

---

1. (Doc. 7).
2. (Docs. 24, 26).
3. (Docs. 27, 30).
4. (Doc. 29).
5. (Doc. 31).

a Response to the Motion to Withdraw on May 31, 2023.[6] On June 6, 2023, the undersigned held a hearing on the motion.[7] Sentencing remains scheduled for June 27, 2023.

## II.   LEGAL STANDARD

Under Federal Rule of Criminal Procedure 11(d)(2)(B), a defendant may withdraw a guilty plea already accepted by the court and before a sentence is imposed if the defendant "can show a fair and just reason for requesting the withdrawal." In the Fifth Circuit, courts utilize the seven factors enumerated in *United States v. Carr* to determine whether a defendant has a fair and just reason for withdrawal.[8] These factors concern whether:

(1) the defendant has asserted his innocence;

(2) withdrawal will prejudice the government;

(3) the defendant delayed in filing his withdrawal motion;

(4) withdrawal would substantially inconvenience the court;

(5) close assistance of counsel was available to a defendant;

(6) the plea was knowing and voluntary; and

(7) withdrawal would waste judicial resources.[9]

The defendant holds the burden of establishing a fair and just reason.[10] "The district court is not required to make findings as to each of the *Carr* factors."[11] Thus, "no single factor or combination of factors mandates a particular result," and the court "should make its determination based on the totality of the circumstances."[12]

---

6. (Doc. 34).
7. (Doc. 36).
8. *United States v. George*, No. 21-30607, 2023 WL 3094147, at *1 (5th Cir. Apr. 26, 2023) (citing *United States v. Carr*, 740 F.2d 339 (5th Cir. 1984)).
9. *United States v. Brewster*, 137 F.3d 853, 857 (5th Cir. 1998).
10. *Id.* at 858.
11. *Id.*
12. *United States v. Still*, 102 F.3d 118, 124 (5th Cir. 1996).

An evidentiary hearing is not required unless a defendant alleges "sufficient facts which, if proven, would justify relief."[13] Conclusory allegations clearly refuted by the record are insufficient to justify withdrawal.[14]

### III.  ANALYSIS

Defendant's motion is woefully inadequate. Defendant does not address the *Carr* factors—or any standard for relief—in her Motion to Withdraw. Defendant also did not address many of the *Carr* factors at the June 6, 2023, hearing. There is no obligation to address the *Carr* factors sua sponte.[15] Nevertheless, in the interest of thoroughness, the undersigned will examine each factor as appropriate.[16]

(1) **Assertion of Innocence**

Defendant sent her counsel, Sandy Stewart, a text indicating that she felt the plea agreement placed her or children's lives "in jeopardy." Further, she stated in the text that "I did it" because she was "scared . . . for my famil[y's] safety."[17] At the June 6, 2023, hearing, Defendant clarified that she by her text was admitting to the charged conduct and that she was "guilty" of said conduct.[18] Thus, she has not asserted her own innocence, and in fact has sworn to the contrary at the hearing. Even if she did so, an assertion of innocence "alone is far from being sufficient to overturn a denial of a withdrawal motion."[19] Failure to provide such, or the admission of guilt for the charged conduct, clearly weighs against granting her request for withdrawal.[20]

(2) **Prejudice to the Government**

---

13. *United States v. Mergist*, 738 F.2d 645, 648 (5th Cir. 1984) (citation omitted).
14. *See United States v. Bounds*, 943 F.2d 541, 543 (5th Cir. 1991).
15. *United States v. Gardner*, No. 20-50481, 2022 WL 422167, at *1 (5th Cir. Feb. 11, 2022).
16. Factors 2, 4, and 7 are often analyzed together. *See, e.g.*, *United States v. Hardy*, 838 F. App'x 68, 73 (5th Cir. 2020).
17. (Doc. 31 at 1).
18. (Doc. 36).
19. *Carr*, 740 F.2d at 344.
20. *See United States v. Moak*, No. SA:17-CR-00194(1)-JKP, 2022 WL 5231376, at *2–3 (W.D. Tex. Aug. 25, 2022).

A general assertion of prejudice which can be put forward in any case does not weigh heavily in Government's favor.[21] The Government claims that the aliens involved in the purported smuggling are "gone."[22] Proceeding to trial would cause obvious prejudice for trial preparation, not to mention the expense of locating the aliens or acquiring their testimony or other evidence, assuming they are still alive and can be located.[23] Even if there were no prejudice, "the absence of prejudice to the Government does not necessarily justify" granting a motion to withdraw a guilty plea.[24] Because locating and delivering the aliens and preparing for a trial that otherwise would not have occurred would likely cause prejudice, this factor weighs against granting the motion.

(3) **Delay in Filing Motion**

Nearly two months had passed from Defendant's plea on March 29 until the filing of her motion on May 27. The motion was filed over a month after the District Court accepted her plea and a month before sentencing. Defendant had not contacted or notified her attorney regarding any hesitation until May 25, 2023. The longer the delay, the more substantial the justification must be; a shorter delay may indicate undue haste in the original plea. With this in mind, the Fifth Circuit has held that three-week, seven-week, and nine-week delays weigh against allowing withdrawal.[25] This is because the purpose of the ability to withdraw a guilty plea is "not to allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes that he made a bad choice in pleading guilty."[26] Since Defendant never mentioned any concern for her or her children's safety to anyone as justification for the charged conduct until two months after she pleaded guilty, and no other justification has been asserted, the undersigned cannot find her eight-week delay to be reasonable. This factor weighs against granting the motion.

---

21. *United States v. Herrod*, 595 F. App'x 402, 410 (5th Cir. 2015).
22. (Doc. 34 at 3).
23. *See Moak*, 2022 WL 5231376, at *2.
24. *United States v. McKnight*, 570 F.3d 641, 649 (5th Cir. 2009).
25. *United States v. Herrod*, 595 F. App'x 402, 410 (5th Cir. 2015) (collecting cases).
26. *Carr*, 740 F.2d at 345.

(4) **Substantial Inconvenience to the Court and** (7) **Waste of Judicial Resources**

The undersigned reached the below recommendation without considering these factors.

(5) **Availability of Close Assistance of Counsel**; and

Defendant does not dispute whether her Ms. Stewart provided her with close assistance during the plea process. Even if Ms. Stewart were ineffective, her assistance may still have been close.[27] A defendant may fail to show he was deprived of close assistance of counsel even where he successfully shows that his counsel's opinion on his potential sentence proved to be incorrect.[28] Factors that some courts consider informative for the closeness discussion include whether: (1) counsel appeared with defendant at his arraignment; (2) there was dissension between counsel and defendant; (3) counsel discussed the facts of the case, charges pending, possible defenses, and the decision to plead guilty; (4) defendant's satisfaction with his counsel's representation/advice; (5) defendant reviewed the factual basis with his attorney or the court did so at the guilty plea hearing; (6) the court ensured that defendant understood the constitutional rights he was waiving by pleading; and (7) defendant waived those rights and stated he understood the waiver at the plea hearing.[29] Defendant's plea agreement indicates she was informed of her charges and the consequences of her decision to plead guilty. Additionally, at the June 6, 2023, hearing, Defendant confirmed that she had spoken with Ms. Stewart a number of times both in-person concerning her charges, bond, and the plea agreement, as well as over the phone in additional instances.[30] Therefore, the undersigned concludes that Ms. Stewart's close assistance was available at all relevant times. This factor weighs against granting the motion.

(6) **Voluntary and Knowing Plea**

---

27. *United States v. Urias-Marrufo*, 744 F.3d 361, 365 (5th Cir. 2014).
28. *McKnight*, 570 F.3d at 647 (citing *United States v. Rosales*, 281 F. App'x 424, 425 (5th Cir. 2008).
29. *See United States v. Arias*, No. 1:19-CR-00014-MAC-ZJH, 2020 WL 6265111, at *5 (E.D. Tex. Oct. 6, 2020).
30. (Doc. 36).

To enter a knowing and intelligent plea, a defendant must have a "full understanding of what the plea connotes and of its consequence."[31] "This includes notice of the nature of the charges, understanding the consequences of the plea, and understanding the nature of the constitutional protections waived."[32] Defendant's plea agreement notes that she "fully underst[ood] her rights but that she was "freely and voluntarily agree[ing]" to the terms of the agreement.[33] Defendant then signed directly under this statement. She also admitted at the June 6, 2023, hearing that the undersigned, prior to entering her plea, confirmed that she was aware of her charges, her constitutional rights, and the range of possible punishment.[34] This indicates that she entered into her plea agreement knowingly and voluntarily and weighs against granting Defendant's motion.

## IV.  RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that Defendant's Motion to Withdraw be **DENIED**. (Doc. 31).

SIGNED this 6th day of June, 2023.

DAVID B. FANNIN
UNITED STATES MAGISTRATE JUDGE

---

31. *Boykin v. Alabama*, 395 U.S. 238, 244 (1969).
32. *Moak*, 2022 WL 5231376, at *2.
33. (Doc. 24 at 11).
34. (Doc. 36).

**INSTRUCTIONS FOR SERVICE AND RIGHT TO APPEAL/OBJECT**

In the event that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is **ORDERED** to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested. Pursuant to 28 U.S.C. § 636(b), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Judge. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made; the District Judge need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the U.S. Magistrate Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the District Judge. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).